PREET BHARARA
United States Attorney for the
Southern District of New York
By: KAN M. NAWADAY
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2311



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X

UNITED STATES OF AMERICA,                    VERIFIED COMPLAINT

        - v. -                             10 Civ.
                                       :
$204,975.00 IN UNITED STATES
CURRENCY,

                                       :
              Defendant-*in-rem*.
                                       :
-----------------------------------X

      Plaintiff United States of America, by its attorney,

Preet Bharara, United States Attorney for the Southern District

of New York, for its verified complaint alleges, upon information

and belief, as follows:

## I. INTRODUCTION

      1.   This action is brought by the United States of

America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture

of $204,975.00 in United States currency ("DEFENDANT CURRENCY"),

on the grounds that the DEFENDANT CURRENCY constitutes moneys

furnished or intended to be furnished in exchange for a

controlled substance, proceeds traceable to such an exchange,

and/or moneys used or intended to be used to facilitate such an

exchange.

## II. JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.    Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture of the DEFENDANT CURRENCY took place in the Southern District of New York.

4.    The DEFENDANT CURRENCY is currently in the custody of the Westchester County Police Department.

## III. PROBABLE CAUSE FOR FORFEITURE

5.    On September 17, 2009, members of the Westchester County Police Department ("WCPD"), responded to the Westchester County Airport Main Terminal to investigate a report of a suspicious package at the check bag screening area.

6.    Investigating WCPD officers learned from Transportation Security Administration officers ("TSA") on the scene that an individual, later identified as Wayne A. Anderson ("Anderson"), had checked his bag and expressed concern about being able to locate the bag once he arrived at his destination, Las Vegas, Nevada.

7.    Upon screening the bag, TSA officers noticed that the screening machine had alerted that the bag was shielded.  As per TSA procedures, officers conducted a physical inspection of the bag and discovered a large amount of money.  The money was

behind a piece of cardboard, which in turn was behind a zippered compartment in the back of the bag.

8.   Upon further examination, the officers observed thirteen vacuum sealed packages of United States currency.  The packages were clear plastic and contained bundles of United States currency in denominations of $5.00, $10.00, $20.00, $50.00 and $100.00 bills.  The bag also contained a United Airlines bag tag for flight #6892 with the name "Anderson, Wayne A."

9.   TSA officers pointed out Anderson, who was waiting in the departure lounge, to the WCPD officers.

10.   WCPD officers approached Anderson and spoke to him regarding the bag.  He stated that the bag was his, but denied that there was any money in his bag.  WCPD officers then escorted Anderson from the departure lounge to the airport administration office for further questioning.

11.   Anderson stated further that he packed his bag in the morning and that there was no money in the bag, that the clothing in the bag was his, and that he was in possession of the bag the entire time and had never lost sight of it.  Anderson was sweating profusely and was avoiding eye contact with the officers.  Anderson contacted his wife by cell phone who, according to Anderson, informed him that there was in fact money in the bag.  He stated that he will contact the owner of the money who would be able to identify the money and the amount.

Anderson was ultimately released with his clothes.

   12. The DEFENDANT CURRENCY was later transported to the United States Department of Homeland Security Office for forensic testing.  Package one (1) contained $85,000 in United States currency; Package two (2) contained $10,000 in United States currency; Package three (3) contained $17,995 in United States currency; Package four (4) contained $15,000 in United States currency; Package five (5) contained $20,000 in United States currency; Package six (6) contained $10,000 in United States currency; Package seven (7) contained $1,000 in United States currency; Package eight (8) contained $5,000 in United States currency; Package nine (9) contained $8,000 in United States currency; Package ten (10) contained $9,980 in United States currency; Package eleven (11) contained $3,000 in United States currency; Package twelve (12) contained $5,000 in United States currency; and Package thirteen (13) contained $15,000 in United States currency.  These thirteen packages of United States currency constitute the DEFENDANT CURRENCY.

   13. Law enforcement randomly selected three of the thirteen packages for testing for the presence of narcotics.  All three packages tested positive for the presence of cocaine.

## IV. CLAIM FOR FORFEITURE

   14. The allegations contained in paragraphs 1 through 13 of the Complaint are incorporated herein.

15.  Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

16.  The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

17.  By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper,

together with the costs and disbursements of this action.

Dated: New York, New York
       May 19, 2010


                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the Plaintiff
                        United States of America


                 By:    _____
                        KAN M. NAWADAY
                        Assistant United States Attorney
                        One St. Andrew's Plaza
                        New York, New York 10007
                        Telephone: (212) 637-2311

<u>VERIFICATION</u>

STATE OF NEW YORK            )
COUNTY OF NEW YORK         :
SOUTHERN DISTRICT OF NEW YORK )

       Thaddeus J. Polant, being duly sworn, deposes and says that he is a detective with the Westchester County Police Department, that he has read the foregoing Complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief

       The sources of deponent's information and the grounds of his belief are official records and files of the Westchester County Police Department and the United States, and discussions with and documents prepared by other law enforcement officers.

DET. Thaddeus J. Polant

Detective Thaddeus J. Polant
Westchester County Police Department

Sworn to before me this
19 day of May, 2010

NOTARY PUBLIC

**VIVIANA SERRANO**
Notary Public, State of New York
No. 01SE6092363
Qualified in Bronx County
Commission Expires May 19, 20 12